FRANCIS H. JONES *vs.* STATE OF MARYLAND.

*Dredging for Oysters—Indictment under the Act of 1886, ch. 206—Pleading—Sufficiency of Averment in Indictment as to the Time when Offence was Committed—Jurisdiction of Circuit Court.*

An indictment under the Act of 1886, ch. 206, which prohibits the use of " any boat, canoe, or vessel," for taking oysters with scrapes and dredges beyond certain defined limits, need not designate the name or number of the boat used, nor describe it as a licensed boat or vessel, nor as being of a burden not exceeding ten tons.

Where an indictment under the Act of 1886, ch. 206, contains two counts, and the first charges that the offence was committed on the 29th day of December, 1886, it is sufficient in the second count to allege that it was committed on the day and year aforesaid.

In an indictment under the Act of 1886, ch. 206, it is not necessary to aver that the defendant, charged with dredging for oysters in prohibited waters, was arrested and carried before a justice of the peace of a county specified, and did then elect to be tried in the Circuit Court for said County, inasmuch as the Act gives the Judges of the Circuit Court an original jurisdiction over the offence, not dependent on the election of the defendant.

APPEAL as upon Writ of Error, from the Circuit Court for Dorchester County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, BRYAN, and McSHERRY, J.

*S. T. Milbourne,* for the appellant.

The first count in the indictment fails to describe the vessel in question by name or number. Some specific description of the vessel is necessary to protect the defendant

under a plea of former conviction or acquittal, in case he should be indicted a second time for the same offence. The same person not only may be, but frequently is the master of different vessels, at nearly contemporaneous dates. The date mentioned in an indictment, not being of the essence of the offence, need not be strictly proved, and hence affords little or no protection; as a fact of identification an offence must be defined by all such circumstances as may be necessary for the defendant's protection. 1 *Wharton's Crim. Law, secs.* 285, 300.

The Court of Appeals have recognized the necessity of giving in an indictment, the name of a person to whom liquor or other merchandise has been illegally sold. So under this Act, the particular vessel employed is the medium or vehicle of the illegal act of dredging. The name or number is necessary to identify the particular charge. *Spielman vs. State,* 27 *Md.,* 520.

In this case the vessel had a name, and such name was known to the grand jury, as appears from the fact that such name is given in the second count. The authorities all agree, that where a name necessary for the purpose of protection, is known to the Grand Jury, and such name is not given, the indictment is bad, and if one count omits such name, it is bad, though it be given in other counts. *Spielman vs. State,* 27 *Md.,* 520 ; 1 *Chitty's Crim. Law,* 213 ; 1 *Bishop's Crim. Procedure, secs.* 548, 552.

The second count is bad for want of a date describing the time when the illegal act was done. A count which does not fix the time by some date, though the same need not be strictly proved, is demurrable. 1 *Wharton's Crim. Law, sec.* 261.

If, section seven of the Act of 1886, ch. 206, refers only to licensed vessels, an indictment charging the catching of oysters with dredges in unauthorized waters as a specific offence, must characterize the vessel used as a licensed vessel. 1 *Wharton's Crim. Law, side page* 285.

Jones *vs.* State.

*Daniel M. Henry, Jr., State's Attorney for Dorchester County,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellee.

The third objection is that the indictment does not specify any day or year as the date on which the alleged offence was committed. It is based upon the theory that if the first count is bad, the reference in the second count, to wit, "on the day and year aforesaid," for the time of the offence committed, is bad. If the first count is defective in omitting any essential ingredient of the offence, it still forms a part of the indictment, and can be referred to as to the date of the offence. *Jacobs vs. Commonwealth,* 5 *Serg. & Rawle,* 315 ; 1 *Wharton's Crim. Law,* sec. 264, 7*th Ed.*

Where the time has been once named with certainty, it is afterwards sufficient to refer to it by the words *then and there,* which have the same effect as if the day and year were actually repeated. 1 *Wharton's Crim. Law,* sec. 272, *and authorities cited in note E.*

YELLOTT, J., delivered the opinion of the Court.

The plaintiff in error was indicted by the grand jury of Dorchester County and was tried and convicted in the Circuit Court for said county ; the indictment charging a violation of the provisions of the Act of 1886, chapter 206, by unlawfully using a certain boat to catch oysters with scrapes and dredges in prohibited waters within the territorial limits of said county. The Act of Assembly referred to permits the use of licensed boats, not exceeding ten tons, for taking oysters with scrapes and dredges within certain defined limits, but no vessel of any kind can be used for taking oysters with scrapes and dredges beyond those limits. It renders liable to the penalty any person or persons " who shall use any boat, canoe or vessel" to take oysters with scrapes or dredges" in that part of Fishing Bay which lies to the northward and eastward of

a straight line drawn from the middle of the mouth of Tedious Creek to Clay Island Lighthouse. The indictment in both counts, alleges that the offence was committed within these prohibited waters.

There was a demurrer to this indictment which was overruled, and the questions raised by the demurrer have been brought into this Court by writ of error. The first assignment of error is that the number of the boat or vessel has not been designated in the indictment. Such designation was unnecessary and would have been mere surplusage, as the provisions of the law are applicable to the use of "any boat, canoe or vessel" for catching oysters with scrapes and dredges within the limits named and described in the indictment. The same remark applies to the second assignment of error which is that the indictment does not specify either the name or the number of the said boat or vessel. The name of the vessel is given in the indictment, but as the indictment is against a person, whom the law declares to be guilty if he uses any vessel within the prohibited waters for catching oysters in the manner mentioned, all such description is unnecessary.

The third assignment of error is that the second count does not specify the day or year on which the alleged offence was committed. When we examine the indictment we find that the first count charges the commission of the offence on the 29th day of December, 1886, and the second count alleges that he committed the offence on the day and year aforesaid. This was sufficient.

The fourth assignment of error is that the indictment does not describe the vessel as a licensed boat or vessel; and the fifth assignment of error is that the boat or vessel is not described as being of a burden not exceeding ten tons. It is manifest that an accurate description of the vessel was not material, as the use of any boat, canoe or vessel for taking oysters with scrapes and dredges was unlawful within the prohibited waters.

The sixth assignment of error is that the indictment does not show that the defendant was arrested and carried before a justice of the peace, and then did elect to be tried in the Circuit Court for Dorchester County. It is true that the Act of Assembly gives to justices of the peace jurisdiction dependent upon the election of parties to be tried before them. But the Act gives the Judges of the Circuit Court an original jurisdiction not dependent on the election of parties, and when a grand jury of the county, whose duty it is to take cognizance of all offences brought to their knowledge, have found an indictment, the Circuit Court is not required to transmit such indictment to some justice of the peace in whose presence the defendant shall elect whether he will be there tried or sent back to the Circuit Court for trial. This extraordinary mode of procedure has not been authorized by any legislative enactment.

There being no perceptible error in any of the rulings of the Court below, its judgment should be affirmed.

*Judgment affirmed.*

